UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

**********************************
*In re*:                                   *     Bk. No.   16-11056-BAH
    Joanne C. Evarts, Debtor.     *
                                  *     **Chapter 13**
                                  *
                                  *
**********************************

**DEBTOR'S OBJECTION
TO PROOF OF CLAIM No. 2**

    **NOW COMES** Joanne C. Evarts ("Debtor"), by and through her counsel, and objects to Proof of Claim No. 2 filed by Federal National Mortgage Bank ("FNMA") on the following grounds:

1. On July 19, 2016, the Debtor filed the above captioned Chapter 13 Bankruptcy Petition in this Court.

2. Debtor sought relief under Chapter 13 because an alleged delinquency in her mortgage had exposed her property to foreclosure.

3. On Schedule D, and in her Amended Chapter 13 plan she listed the arrearage owed Nationstar Mortgage as $19,750 which was her estimate of the arrearage.

4. Federal National Mortgage Bank, successor holder of debtor's mortgage, filed Proof of Claim No. 2 in due course.

5. Based upon a spreadsheet detailing debtor's account history, FNMA listed an arrearage of $24,449.82, and a total amount of secured claim of $237,948.91.

6. Debtor objects to the amount of this proof of claim on the grounds that the form of the proof fails to comply with applicable law and rules in the following respects:

a. The spreadsheet only details transaction from 10/1/2013 forward. This truncated history omits at least several escrow transactions where the servicer was paying duplicate hazard insurance premium payments which were not properly credited when the errors were call to the servicer's attention.

b. The spreadsheet which FNMA furnished contains sections which are sufficiently obfuscated as to defeat the requirement that the transactions be detailed in the Mortgage Proof of Claim Attachment. See Exhibit "A".

c. Exhibit A contains 90 entries which are all dated January 20, 2016 with references, in part, to 24 entries, all dated June 1, 2015. With the reference to transactions in the prior year, it appears the servicer was trying to correct earlier accounting errors.

d. The spreadsheet contains unknown acronyms such as "Non Cash Fee Adj", "FOREBERANCE SUSP DISP", "ZZZZF-Late Charges", and "PMT-FORBEAR-SUSP".

e. On the last page of the spreadsheet under date 7/19/2016 appears a negative amount charged to principal of ($54,267.14). Although this is shown as a deduction, it causes the running balance of principal to jump from $165,357.55 to $219,624.55.

f. Debtor believes and avers that this $54,267.14 was a principal deferment which should have reduced the principal balance upon which interest was calculated after she was extended a HAMP loan modification in 2010.

g. If this deferment was not applied, she has been overcharged interest for at least six years.

7. Because the supporting documents are apparently incomplete, obfuscated and lacking in coding definitions, it is impossible for debtor to determine why there is a discrepancy between her arrearage estimate of $17,500 and FMNA's statement of $24,449.82.

8. Debtor desires to pay the correct amount to cure any arrearage on this account.

9. She is unable to determine the correct amount without a comprehensible, accurately detailed history in a Mortgage Proof of Claim Attachment.

Wherefore, debtor requests that the Court order FNMA:

a. To provide a complete, accurate and comprehensible Mortgage Proof of Claim Attachment setting forth the entire history of the mortgage account back to loan inception, along with a guide to the acronyms and codes used in the accounting;

b. Provide documentation that the $54,267.14 should have been deducted and deferred, rather than added to and deferred from the then balance of the mortgage loan as of the 2010 loan modification;

c. Require FNMA to amend its Proof of Claim No. 2 to conform with the figures supported by an appropriate accounting;

d. And grant such other and further relief as is just.

Respectfully submitted,

*Joanne C. Evarts*

By and through her attorney,

Dated: April 26, 2017

/s/ *Peter S. Wright, Jr., Esq.*
BNH-01653

Consumer Clinic
UNH School of Law
2 White Street
Concord, N.H. 03301
603-225-3350